UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
LESLIE H. L.                  :    Civ. No. 3:21CV00150(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    December 29, 2021
                              :
------------------------------x
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Leslie H. L. ("plaintiff") filed an initial application for DIB on January 30, 2015, alleging disability beginning February 1, 2013. See Certified Transcript of the Administrative Record, Doc. #12, compiled on May 6, 2021, (hereinafter "Tr.") at 76. Plaintiff's application was denied on April 27, 2017. See Tr. 73-92.

Plaintiff filed a renewed application for DIB on December 4, 2018,[1] again alleging disability beginning February 1, 2013. See Tr. at 235-38. Plaintiff's application was denied initially on March 6, 2019, see Tr. 105-17, and upon reconsideration on April 25, 2019. See Tr. 119-28.

On February 11, 2020, plaintiff, represented by Attorney Dennis Ciccarillo, appeared and testified at a hearing before

---

[1] The ALJ's decision reflects an application date of November 8, 2018. See Tr. 10. However, the record reflects an application date of December 4, 2018. See Tr. 235. This discrepancy does not affect the Court's analysis.

~ 1 ~

Administrative Law Judge ("ALJ") John Noel. See generally Tr. 31-72. At the hearing, plaintiff amended the alleged onset date of disability to April 28, 2017. See Tr. 35. On March 31, 2020, the ALJ issued an unfavorable decision. See Tr. 7-25. On December 7, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making the ALJ's March 31, 2020, decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, still represented by Attorney Ciccarillo, timely appealed that decision to this Court on February 4, 2021. See Doc. #1.

On December 16, 2021, the undersigned granted plaintiff's Motion to Reverse Decision of the Commissioner and/or to Remand to the Commissioner, and remanded the case for further administrative proceedings. See Doc. #20. Judgment entered for plaintiff on December 17, 2021. See Doc. #21.

On December 23, 2021, defendant filed a Joint Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA") (the "Fee Stipulation"), agreeing that the Commissioner should pay attorney fees in the amount of $6,644.29, plus costs in the amount of $400.00. See Doc. #22 at 1. On that same date, the Court entered an order directing plaintiff to file "an accounting of fees sought in compliance with [28 U.S.C. §2412(d)(1)(B)] including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal, or other employee; and the hourly rate applied." Doc. #23. On December 27,

2021, in response to the Court's Order, plaintiff filed a Motion for Attorney Fees, seeking the stipulated amount of fees of $6,644.29 plus costs of $400.00. See Doc. #24 at 1. Attached to the Motion for Attorney Fees is an "Interim Statement for Professional Services Rendered" detailing the number of hours spent litigating the case on behalf of plaintiff (the "Account Statement"). Doc. #24-1 at 6-7.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation[]"). The Court therefore has reviewed plaintiff's itemization of hours incurred to determine whether the stipulated amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #22**], and **GRANTS** the Motion for Attorney Fees [**Doc. #24**] for the stipulated amount of **$6,644.29** in attorney fees and **$400.00** in costs.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(A)-(B).

The Account Statement indicates that Attorney Ciccarillo performed a total of 31.8 hours of work on this matter. See Doc. #24-1 at 7. Counsel seeks an hourly rate of $208.94 per hour. See id. at 5. The parties have reached an agreement under which defendant would pay a total of $6,644.29 in fees. See Doc. #22 at 1. At an hourly rate of $208.94, this fee would compensate

plaintiff for his full 31.8 hours of work.

It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having partially granted plaintiff's Motion to Reverse the Decision of the Commissioner and/or to Remand to the Commissioner and having ordered a remand of this matter for further administrative

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(A)-(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 31.8 hours of attorney time. See Doc. #24-1 at 7. The Court finds 31.8 hours reasonable for the work claimed, including: preparation of the Complaint [Doc. #1]; review of the administrative transcript [Doc. #12]; preparation of the motion to reverse or remand [Docs. #14, #14-1]; and preparation of the statement of facts [Doc. #14-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v.

Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). 31.8 hours falls within the presumptively reasonable time for prosecuting a Social Security appeal. Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of **$6,644.29** in fees is appropriate.

In addition, upon filing the complaint in this matter, plaintiff paid a filing fee in the amount of **$402.00**. See Doc. #1. Thus, in accordance with the parties' stipulation [**Doc. #22**], plaintiff shall be awarded costs under 28 U.S.C. §1920 in the amount of **$400.00**. See, e.g., Christopher M. V. v. Comm'r of Soc. Sec., No. 1:19CV01500(JJM), 2021 WL 1746432, at *1 (W.D.N.Y. May 4, 2021) (Court approved an EAJA stipulation providing for payment of the filing fee pursuant to 28 U.S.C. §1920 where the docket "reflect[ed] that plaintiff paid a filing fee in the amount of $400.00 upon filing the complaint.").

Accordingly, the Court **APPROVES and SO ORDERS** the parties' Fee Stipulation [**Doc. #22**] and **GRANTS** plaintiff's Motion for Attorney's Fees [**Doc. #24**].

SO ORDERED at New Haven, Connecticut this 29th day of December, 2021.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE